# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILFREDO VASQUEZ**
        **Petitioner,**

    **v.**                               **Case No. 08-C-0664**
                                        **(Criminal Case No. 98-CR-104)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Wilfredo Vasquez filed a motion pursuant to 28 U.S.C. § 2255 challenging his life sentence for racketeering and controlled substance offenses. The § 2255 motion raises various claims of ineffective assistance of counsel. Petitioner indicated in the motion that he would file a supplemental memorandum on or before October 21, 2008, and I deferred Rule 4 screening pending review of the supplement.

Petitioner has now filed motions to obtain grand jury transcripts and for appointment of counsel. I deny the motions.

## I. GRAND JURY TRANSCRIPTS

Petitioner seeks an order directing the government to provide the grand jury transcripts related to his criminal proceeding. He states that, on information and belief, the government may have violated its duty to present exculpatory evidence to the grand jury. He also states that the transcripts are necessary to substantiate his claims in the § 2255 motion.

A party may obtain grand jury information on a showing of "compelling necessity" and "particularized need." See, e.g., In re Grand Jury Proceedings, 942 F.2d 1195, 1198 (7th Cir.

1991). Petitioner fails to make such a showing here. Contrary to petitioner's suggestion, there is no requirement that the prosecutor disclose exculpatory evidence to the grand jury. United States v. Williams, 504 U.S. 36, 55 (1992). Further, none of petitioner's specific claims of alleged ineffectiveness implicate the grand jury in any way. His first claim pertains to the alleged failure of his first lawyer, Mark Richards, to investigate between June 25, 1998 and November 13, 1998. Petitioner provides no basis for finding that grand jury material is even relevant to this claim. Petitioner's second claim is that on July 9, 1998, Attorney Richards improperly agreed to waive his speedy trial rights. Again, I fail to see how any grand jury material would be necessary to support this claim. Third, petitioner claims that the court later rushed the case to trial too fast, not permitting his third appointed lawyer, Patrick Blegen, sufficient time to prepare. Nothing that occurred before the grand jury appears relevant to this claim. Fourth, petitioner argues that Richards and Nick Kostich (petitioner's second lawyer) failed to investigate certain of the predicate acts and the evidence related thereto. Again, petitioner fails to specify how grand jury material would pertain to this claim. Fifth, petitioner argues that Richards and Kostich failed to meet with him a sufficient number of times or to take his phone calls. Nothing before the grand jury would lend support to this claim. Finally, petitioner argues that excessive caseload(s) may have prevented counsel from providing competent representation. The grand jury would not have investigated the caseloads of the lawyers who later represented petitioner.

     A request for grand jury material must be more that a request for authorization to engage in a fishing expedition which might turn up helpful evidence. In re EyeCare Physicians of Am., 100 F.3d 514, 518 (7th Cir. 1996). A particularized showing of need must be made. Because

2

petitioner has not done so, the motion must be denied.[1]

## II. APPOINTMENT OF COUNSEL

Petitioner requests appointment of counsel to assist in preparing an amendment or supplement to his § 2255 motion. He states that he is unlearned in the law and possesses a limited formal education.

Under 18 U.S.C. § 3006A(a)(2), the court <u>may</u> appoint counsel for a § 2255 petitioner if "the interests of justice so require." The court <u>must</u> appoint counsel if it determines that an evidentiary hearing is required to decide the motion, Rule 8(c) of the Rules Governing Section 2255 Proceedings, or if counsel is necessary for effective discovery, Rule 6(a) of the Rules Governing Section 2255 Proceedings.

I see no need for appointment of counsel at this point. I have not yet screened the motion under Rule 4, let alone determined that a hearing is necessary. To the extent that petitioner's motion for grand jury material constitutes a discovery request, because the motion lacks any merit I see no need for counsel to assist in discovery. Petitioner provides no reasons for any further discovery. Finally, I cannot conclude that the interests of justice require counsel at this point. I have yet to determine whether petitioner's claims possess sufficient merit to require a government response. Petitioner has thus far been able to sufficiently articulate and present his claims, which also appear to be relatively straightforward. <u>See</u> <u>Oliver v. United States</u>, 961 F.2d 1339, 1343 (7th Cir. 1992). Therefore, the motion is denied.

---

[1] Petitioner cites 28 U.S.C. § 753(f), which supplies a basis for provision of free transcripts necessary to decide a § 2255 motion, but even under that statute petitioner must still make a showing of particularized need to obtain grand jury material. <u>See</u> <u>United States v. Lacey</u>, 52 Fed. Appx. 126, 127 (10th Cir. 2002) (citing <u>Sistrunk v. United States</u>, 992 F.2d 258, 259 (10th Cir. 1993)).

3

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motions (R. 2470, 2471) are **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of September, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

4