# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILFREDO VASQUEZ**
        **Petitioner,**

    **v.**                                      **Case No. 08-C-0664**
                                                **(Criminal Case No. 98-CR-104)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER REGARDING CERTIFICATE OF APPEALABILITY

Before me is petitioner Wilfredo Vasquez's request for a certificate of appealability ("COA") in this § 2255 action. In April of 2001, I sentenced petitioner to life in prison on racketeering and drug offenses arising out of his involvement with the Latin Kings street gang. At his trial, the government presented evidence showing that petitioner was a leader of the Kings, responsible for ordering and carrying out acts of violence designed to enhance the gang's position. The jury specifically found petitioner guilty of various violent offenses charged as predicate acts under the RICO count, including murders, attempted murders, conspiracy to murder, and kidnaping and attempted kidnaping.

On direct appeal, the Seventh Circuit affirmed petitioner's convictions but ordered a limited remand of the sentence pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). United States v. Olson, 450 F.3d 655 (7th Cir. 2006). On remand, I considered the factors in 18 U.S.C. § 3553(a) and concluded that I would impose the same sentence under an advisory guideline regime, and the Seventh Circuit then affirmed the sentence as well. United States v. Vasquez, 223 Fed. Appx. 509 (7th Cir. 2007).

Petitioner then moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his lawyers provided ineffective assistance in six respects.[1] Petitioner requested additional time to file a supplemental memorandum in support of the motion, and I deferred Rule 4 screening. After petitioner filed his supplement, I reviewed the motion and denied all of petitioner's claims summarily under Rule 4. Petitioner now seeks to appeal that decision, for which he needs a COA.

## I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA. See Fed. R. App. P. 22(b)(1). A COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

---

[1] Petitioner was represented by three lawyers in the original proceedings in this court: Mark Richards during the initial phase of the case (June 25, 1998 to November 13, 1998); Nikola Kostich in the period up to trial (November 13, 1998 to September 13, 2000); and Patrick Blegen at trial and sentencing (September 13, 2000 to April 24, 2001).

2

## II. DISCUSSION

**A.     Failure to Investigate – Attorney Richards**

Petitioner first claimed that his initial lawyer, Mark Richards, failed to investigate during the time he represented petitioner: June 25, 1998 to November 13, 1998.  In order to establish prejudice based on an alleged failure to investigate, the defendant must make a comprehensive showing of what the investigation would have produced and how the results could have aided his defense.  See, e.g., United States v. Olson, 846 F.2d 1103, 1109-10 (7th Cir. 1988).  As I explained in the Rule 4 Order, petitioner failed to make such a showing.

Petitioner identified just one missing witness, Carmen Hernandez, and failed provide an affidavit or other statement from Hernandez specifying what she would have said at trial, or to otherwise explain what she would have contributed to his defense.[2]  Petitioner also claimed that Richards failed to interview an informant working for the government, Benjamin Drews, or to investigate Drews's past.  However, he again failed to provide any specifics as to what the requested investigation would have revealed.  Further, petitioner failed to show how these alleged failures to investigate affected the result.  By the time of trial, Richards had been off the case for two years, and petitioner did not explain how any failure to investigate by Richards in 1998 prejudiced his defense at trial in 2000.[3]  As petitioner conceded, after he complained about Richards the court permitted Richards to withdraw and appointed another lawyer, Nikola Kostich.  Petitioner made no showing that the five month period during which Richards

---

[2]Petitioner stated only that Hernandez was "in [his] presence covering the time frame that murders for which [he] was either accused and/or responsible . . . with particular emphasis on predicate act 43." (Request for COA at 3.) He failed to explain what Hernandez observed him do (or not do) while in his presence.

[3]The trial took place between October 10, 2000 and December 11, 2000.

3

represented him was so critical that subsequent investigation by replacement counsel could not undo the damage. Therefore, even assuming that petitioner advised Richards of these avenues of investigation and Richards did nothing, petitioner made no showing of prejudice.

In his COA request, petitioner notes that he signed his motion under penalty of perjury, which "carrie[s] the same 'force and effect' as an affidavit." Vineyard v. Dretke, 125 Fed. Appx. 551, 553 (5th Cir. 2005) (quoting Hart v. Hairston, 343 F.3d 762, 764 n. 1 (5th Cir. 2003)). But this does nothing to remedy the primary defect in petitioner's motion – the lack of specifics. Even in his COA request, petitioner says only that Hernandez "could prove petitioner's innocence of the charged crimes with particular emphasis on the acts forming the basis of predicate act 43." (Request for COA at 4.)[4] Such conclusory allegations, sworn or unsworn, will not suffice. See United States v. Farr, 297 F.3d 651, 658-59 (7th Cir. 2002).[5]

Petitioner also notes in his COA request that counsel has a duty to make an independent investigation. However, as I explained in the Rule 4 Order, it is well-settled that such a claim of ineffective assistance cannot succeed absent a comprehensive showing of what the investigation would have produced, Olson, 846 F.2d at 1009, a showing petitioner failed to make. Petitioner claims that he made repeated complaints about Richards, yet the court did nothing. That is untrue. In response to petitioner's request, the court permitted

---

[4]Likewise, his claim regarding Drews consists of nothing more than an allegation that Drews and others "gave conflicting statements about what happened." (Request for COA at 11.)

[5]In his COA request, petitioner states that because Hernandez is dead he could not obtain an affidavit from her. This cannot excuse his failure to provide some specifics as to how her testimony would have aided his defense. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (stating that a "defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim").

4

Richards to withdraw and appointed another lawyer.

Finally, petitioner argues in his COA request that he did suffer prejudice based on Richards's five month stint as counsel because Hernandez is deceased and evidence "from the state court's files [regarding Drews] more than likely has been destroyed." (Request for COA at 12.) Petitioner fails to state when Hernandez died, and his claim about the purging of the records regarding Drews is pure speculation.

As indicated in the Rule 4 Order, a long line of Seventh Circuit cases hold that bald allegations of failure to investigate will not suffice to make out an ineffective assistance claim. Because petitioner failed to make a sufficient showing of how the investigation could have affected the outcome, jurists of reason would not find debatable my denial of this claim.

**B.    Waiver of Speedy Trial Rights – Attorney Richards**

Petitioner's second claim was that on July 9, 1998, Attorney Richards improperly agreed to waive petitioner's speedy trial rights. Petitioner stated that as a result his trial was needlessly delayed for two years, resulting in prejudice. As I explained in the Rule 4 Order, this case, which involved thirty-one defendants, multiple counts, sixty-seven RICO predicate acts, and thousands of pages of discovery, clearly qualified as "complex" under 18 U.S.C. § 3161(h)(8)(B)(ii). Further, because defendant was joined for trial with other defendants, his clock under the Speedy Trial Act was essentially linked to their's. See 18 U.S.C. § 3161(h)(7). Time under the Speedy Trial Act was also excluded during the pendency of the many motions filed in this case. See 18 U.S.C. § 3161(h)(1)(F).[6] Petitioner thus made no showing of a statutory speedy trial violation (which counsel should have raised prior to trial) under these

---

[6]In October 2008, Congress re-numbered certain provisions in § 3161(h).

5

circumstances. Finally, although the ultimate delay was sufficient to at least trigger scrutiny under the Sixth Amendment's speedy trial provision, see Doggett v. United States, 505 U.S. 647, 651-52 (1992), petitioner failed to specify how the delay hindered his defense. Nor did he establish that Richards's conduct in 1998 caused the two-year delay of his trial. Thus, because he showed no prejudice based on his lawyer's action, he failed to make out a claim of ineffective assistance in this regard. See United States v. Asubonteng, 895 F.2d 424, 429 (7th Cir. 1990).[7]

In his COA request, petitioner argues that Richards improperly agreed to prospectively waive his speedy trial rights "for all time," contrary to Zedner v. United States, 547 U.S. 489 (2006). First, the record does not support petitioner's characterization of the July 9, 1998 proceeding. Second, petitioner fails to show that subsequent delays were not appropriate or reasonable under 18 U.S.C. § 3161(h). Finally, petitioner fails to explain how Richards's conduct at this single hearing resulted in the subsequent two-year delay of his trial. See Farr, 297 F.3d at 657-58 (stating that the defendant must identify the specific acts or omissions that allegedly form the basis of his claim, and then that there is a reasonable probability that, but for those unprofessional errors, the result of the proceeding would have been different). Given these failures, jurists of reason would not find my denial of this claim debatable or wrong.

## C. Rush to Trial – Attorney Blegen

Petitioner's third claim was that the court later rushed the case to trial too fast, not

---

[7] A lawyer may waive a speedy trial on behalf of his client; such a scheduling decision need not be made personally by the defendant. See New York v. Hill, 528 U.S. 110, 115 (2000) ("Absent a demonstration of ineffectiveness, counsel's word on such matters is the last."). Because petitioner raised this claim under the rubric of ineffective assistance, I considered whether counsel's decision caused prejudice.

6

permitting his third appointed lawyer, Patrick Blegen, sufficient time to prepare. As I noted in the Rule 4 Order, Blegen advised the court prior to his appointment that he could be ready for trial. More importantly, petitioner failed to specify any deficiencies in Blegen's performance based on the timing, see United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995) (stating that the defendant must identify "the specific acts or omissions which form the basis of his claim"), or to explain how he was prejudiced thereby, see United States v. Cronic, 466 U.S. 648, 663-66 (1984) (declining to infer ineffectiveness where the defendant's newly appointed counsel was given only 25 days to prepare for trial, counsel was young and inexperienced, and the case was complex); Davis v. VanNatta, 438 F.3d 707, 712 (7th Cir. 2006) (declining to presume prejudice where the defendant proceeded to trial with an allegedly unprepared counsel).

In his COA request, petitioner argues that I abused my discretion in denying a continuance of the trial. However, that sort of claim should have been raised on direct appeal, not now on collateral review. In any event, petitioner makes no showing of prejudice based on the denial of a continuance. He states that had the trial been delayed he could have gathered exculpatory evidence or located alibi witnesses. However, he fails to specify any such evidence or to note any other specific flaws in his lawyer's performance based on the timing. Given the lack of any specifics supporting this claim, it deserves no encouragement to proceed further.

**D. Failure to Investigate – Attorneys Kostich and Richards**

Fourth, petitioner argued that Attorneys Richards and Kostich failed to investigate certain of the predicate acts and the evidence related thereto. However, he again failed to specify what the sought after investigation would have revealed or to explain how the results of such an investigation could have changed the outcome of his trial. In his supplement, petitioner

7

indicated that state authorities previously investigated and/or prosecuted certain of the crimes designated as predicate acts in this case, and that counsel failed to review the state case files for possible exculpatory evidence. But petitioner failed to show that the state files contained any helpful information, dooming his claim.

In his COA request, petitioner lists several state investigators counsel should have interviewed, but he fails to explain what information they would have provided. He also attaches portions of the trial transcript, arguing that much of the testimony set out therein contradicts or conflicts with information in the state court files. But again he provides no specifics on how this is so. Petitioner cites a litany of cases in which counsel was found deficient, but this cannot take the place of a specific showing of how he was prejudiced in his own case. Jurists of reason would not debate my denial of this claim.

**E.     Failure to Confer – Attorneys Richards and Kostich**

Petitioner's fifth claim was that Richards and Kostich failed to meet with him a sufficient number of times or to take his phone calls. However, as I noted in the Rule 4 Order, the Sixth Amendment does not guarantee a defendant a certain number of meetings with his lawyer, and petitioner failed to explain how more communication with his lawyers would have affected the outcome. See, e.g., United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988). In his supplement, petitioner claimed that counsel failed to discuss with him the wisdom of conducting a common defense or the possibility of severance. But petitioner failed to make any showing as to the possible merits of either position, which doomed his claim under the prejudice prong. Similarly, petitioner's effort to blame counsel's failure to research the state case files mentioned above on their lack of consultation failed absent a showing of what those files contained. The same with the claim that his lawyer(s) failed to interview the law enforcement officers who

8

worked with cooperating witness Drews; petitioner said nothing about what such interviews would have produced or how they could have affected the outcome.

In his COA request, petitioner states that had his attorneys met with him more often he could have steered them in the direction of the exculpatory evidence in the state court files. Again, absent a demonstration of what those files contained, there can be no showing of prejudice. Petitioner cites certain ABA standards on the performance of counsel, but these citations do nothing to assist in showing prejudice. This claim also should not proceed further.

## F. Excessive Caseloads

Finally, petitioner argued that excessive caseload(s) prevented counsel from providing competent representation. He cited various ethical standards and rules on the subject but failed to make a specific demonstration that any of the lawyers involved in his case violated such precepts, or even if they did how such violation affected the outcome of his trial. Nor did petitioner specify which of his three lawyers violated these rules.

In his COA request, petitioner argues that all three of his lawyers violated the rules cited in his motion. Petitioner also claims in his COA request that Richards and Kostich told him that they could spend only minimal time on his case due to sub-par CJA compensation and the press of other, more important cases. But absent some explanation of how his defense was specifically prejudiced based on his attorneys' alleged conduct, the claim should not proceed further.

## III. CONCLUSION

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for

9

full process." <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir.), <u>cert. denied</u>, 127 S. Ct. 2988 (2007). Accordingly, a § 2255 petitioner cannot succeed or even obtain an evidentiary hearing unless he presents actual proof of the allegations going beyond mere unsupported assertions. <u>Prewitt v. United States</u>, 83 F.3d 812, 819 (7th Cir. 1996). No such proof has been presented in this case.

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of January, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge